UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| COMPTON BRAITHWAITE AND FAYE BRAITHWAITE, <br><br> Plaintiffs, <br><br> v. <br><br> SPECIALIZED LOAN SERVICING LLC, <br><br> Defendant. | ) ) ) ) ) ) Case No.: 5:17-cv-00989-LCB ) ) ) ) ) ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Compton and Faye Braithwaite, who are proceeding *pro se*, filed an action to quiet title in the Circuit Court of Madison County, Alabama, on April 25, 2017, against Specialized Loan Servicing aka Specialized Loan Servicing LLC (hereinafter referred to as "SLS"). (Doc 1-1, p. 12). Plaintiffs' claims are difficult to discern, but they appear to assert federal claims pursuant to the *Fair Debt Collection Practices Act*, 15 U.S.C.A. § 1692 *et seq.* ("FDCPA") and *Truth In Lending Act*, 15 U.S.C. § 1601 *et seq.* ("TILA") as well as state law claims for quiet title, breach of contract, and fraud. All of plaintiffs' claims arise out of a mortgage, note and subsequent foreclosure action as a result of plaintiffs' default. SLS answered and counterclaimed in the state court action on June 9,

2017. The case was removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, 1331, and 1332 on June 12, 2017.

The case currently is before the court on the motion for summary judgment filed by SLS. (Doc. 16). Upon consideration of the motion, the pleadings, the briefs, and the parties' evidentiary submissions, the court concludes that the motion should be granted as to all pending federal claims.

## I. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). To demonstrate that there is a genuine dispute as to a material fact that precludes summary judgment, a party opposing a motion for summary judgment must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

When considering a summary judgment motion, the Court must view the evidence in the record in the light most favorable to the non-moving party and draw reasonable inferences in favor of the non-moving party. *White v. Beltram*

*Edge Tool Supply, Inc.*, 789 F.3d 1188, 1191 (11th Cir. 2015). "[A]t the summary judgment stage[,] the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "'Genuine disputes [of material fact] are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record.'" *Evans v. Books-A-Million*, 762 F.3d 1288, 1294 (11th Cir. 2014) (quoting *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996)). "A litigant's self-serving statements based on personal knowledge or observation can defeat summary judgment." *United States v. Stein*, 881 F.3d 853, 857 (11th Cir. 2018); *see Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) ("To be sure, Feliciano's sworn statements are self-serving, but that alone does not permit us to disregard them at the summary judgment stage."). Even if the Court doubts the veracity of the evidence, the Court cannot make credibility determinations of the evidence. *Feliciano*, 707 F.3d at 1252 (citing *Anderson,* 477 U.S. at 255). However, conclusory statements in a declaration cannot by themselves create a genuine issue of material fact. *See Stein*, 881 F.3d at 857 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

In sum, the standard for granting summary judgment mirrors the standard for a directed verdict. *Anderson*, 477 U.S. at 250 (citing *Brady v. Southern R. Co.*, 320

U.S. 476, 479–480 (1943)).  The district court may grant summary judgment when, "under governing law, there can be but one reasonable conclusion as to the verdict." *Id.* at 250.  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party . . . .  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Id*. at 249–50 (internal citations omitted).

In addition, parties who appear *pro se* are afforded a leniency not granted to those who are represented by counsel.  *Cf., e.g.*, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a *pro se* complaint filed by a state prisoner], 'however inartfully pleaded,' are held to 'less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984) (same); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981)[1] ("A *pro se* complaint, however inartfully drafted, must be held to less rigorous standards than the formal pleadings prepared by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (quoting *Haines*).

Even so, the leniency accorded *pro se* litigants is not unqualified.  A *pro se*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

plaintiff "must still meet the essential burden of establishing that there is a genuine issue as to a fact material to his case." *Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997) (citing *Brown v. Crawford*, 906 F.2d 667, 669-70 (11th Cir. 1990)).

## II. SUMMARY OF FACTS

These facts are undisputed by the parties. The real property that is the subject of this lawsuit is located in Madison County, Alabama, at 215 Pebblestone Drive, Hunstville, Alabama 35806, more particularly described as follows:

> LOT 7, ACCORDING TO THE MAP OF PLAT OF STONE VALLEY, AS RECORDED IN PLAT BOOK 38, PAGE 81, IN THE OFFICE OF THE JUDGE OF PROBATE OF MADISON COUNTY, ALABAMA.

(Doc. 1-1, p. 27). On or about November 23, 2001, the Brathwaites, as husband and wife, acquired title to the Property by Corporation Warranty Deed.[1] (*Id*.). On or about November 23, 2001, the Brathwaites financed the purchase by executing a note and mortgage in the amount of $207,000.00 with mortgagee, Old Stone Mortgage, L.L.C., SLS's predecessor in interest.[2] (Doc. 16-1, p. 9-27). The note and mortgage were later assigned by Old Stone Mortgage, L.L.C. to Bankers Trust Company as Trustee through a Real Estate Lien Assignment recorded on May 16, 2002.[3] (Doc. 16-1, p. 28). The mortgage provides in paragraph 20, that "[t]he

---

[1] Recorded November 29, 2001, Book 1008, Page 1079, Probate Court of Madison County, Alabama.
[2] Mortgage recorded November 29, 2001, Book 2926, Page 0950, Probate Court of Madison County, Alabama.
[3] Book 3041, Page 0514, Probate Court of Madison County, Alabama.

5

Note or a partial interest in the Note (together with this Security Instrument [mortgage]) can be sold one or more times without prior notice to Borrower." (Doc. 16-1, p. 24). On June 9, 2017, the mortgage along with the note[4] was assigned by Deutsche Bank Trust Company Americas as Trustee fka Bankers Trust Company as Trustee to The Bank of New York Mellon Trust Company, National Association ("BNYM") as successor to Deutsche Bank Trust Company Americas f/k/a Bankers Trust Corporation, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certifies, Series 2002-KS1 ("BNYM") by an Assignment of Mortgage.[5] (Doc. 16-1, p. 29). On or about June 22, 2016, BNYM appointed SLS as its lawful attorney-in-fact to service Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certifies, Series 2002-KS1 via a Limited Power of Attorney. (*Id*. at p. 30 and Doc 16-1, p. 4-5) . On April 25, 2017, the plaintiffs filed this action in the Circuit Court of Madison County and also filed a Notice of Lis Pendens under Instrument No. 20170425000225510, in the Probate Court of Madison County, Alabama. (Doc. 16). The Brathwaites admit that they have failed to timely remit all regular monthly payments under the note and mortgage. (Doc. 24). On September 21, 2017, BNYM foreclosed the Property; BNMY was the highest

---

[4] The assignment only references the mortgage with no language regarding a separate assignment of the note. Alabama law provides that in the absence of language otherwise an assignment of the mortgage is an assignment of the debt and/or note, as well. *Crum v. LaSalle Bank, N.A*., 44 So.3d 266, 268-70 (Ala. Civ. App. 2009).
[5] Recorded June 29, 2017, Instrument no. 20170629000372590, Probate Court of Madison County, Alabama.

bidder at the foreclosure sale; and a foreclosure deed was entered and recorded in favor of BNYM on September 26, 2017.[6] (Doc. 16-1, p. 7).

## III. DISCUSSION

Based on what can be deciphered from the Plaintiffs' pleadings they appear to argue that they only have a note and mortgage with the original mortgagee Old Stone Mortgage, LLC; that they did not default on the note and mortgage with the original mortgagee, even though they admit that they have failed to pay as agreed; that the subsequent assignments and/or transfers of the note and mortgage are invalid; that SLS has no right to service or foreclose on the property; that the note and mortgage were satisfied (paid in full) upon assignment and transfer, thereby releasing the Plaintiffs from further payments. In sum, plaintiffs claim that these actions by SLS and other parties that are not subject to this lawsuit have clouded the title to the property and request the court to quiet title in plaintiffs favor. In their responses to discovery and summary judgement, plaintiffs assert that their claims against SLS under the *Fair Debt Collection Practices Act*, 15 U.S.C.A. § 1692 *et seq.* and *Truth In Lending Act*, 15 U.S.C. § 1601 *et seq.* are now not appropriate. Their pertinent responses regarding these claims are as follows:

1. In response to interrogatories inquiring about their claims under FDCPA, they respond "Not Applicable. We initially misunderstood SLS role in our loan." (Doc 24, p. 6); and

---
[6]Instrument no. 20170926000564120, Probate Court of Madison County, Alabama.

2. In their response to summary judgment they assert that "[t]he Brathwaites determined that all allegations concerning contractual and TILA violations committed by the original lender, stated in our *pro se* Complaint, are not charges that can rightfully be brought against Defendant, thus we have not repeated them in our pleadings, but have elected to make them the subject of subsequent litigation, if necessary." (Doc. 25, p. 6).

Therefore, the Court finds, even upon appropriate leniency afforded to *pro se* litigants, that the pleadings and evidence submitted along with the plaintiffs' admission that they are not asserting federal claims fail to establish a genuine issue as to a fact material to their case.

## IV. STATE LAW CLAIMS

The only remaining claims against SLS are plaintiffs' state law claims for quiet title, breach of contract, and fraud. This court's jurisdiction over those claims is founded upon 28 U.S.C. § 1367(a), which provides that,

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). The district court may decline to exercise supplemental jurisdiction when:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) *the district court has dismissed all claims over which it has original jurisdiction*, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis supplied). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350 n.7 (1988).

Here, plaintiffs' federal claims against SLS have been eliminated. Further, the state court is in a better position to comprehensively resolve all possible remaining issues regarding title, sale and possession of the subject property. Accordingly, this court declines supplemental jurisdiction over the remaining state law claims against SLS.

## V. CONCLUSION

Based upon the foregoing, the court finds there are no genuine issues of material fact with regard to any of plaintiffs' federal claims against defendant, SLS, and that supplemental jurisdiction over plaintiffs' state law claims against the defendant should be declined. Accordingly, the motion for summary judgment (Doc. 16) filed by Specialized Loan Servicing, LLC is GRANTED. Defendant's

pending Motion to Quash (Doc. 23) and Motion to Strike (Doc. 26) are hereby DENIED as moot. A final judgement will be entered simultaneously with this memorandum opinion and order.

**DONE** this December 20, 2018.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE